## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

RICHARD MILLWARD

    vs.

MBB PALFINGER,
OMAHA STANDARD, INC.,
OMAHA STANDARD, INC. – NEW JERSEY      *Civil Action No.: 2:12-cv-04072*
PAL FLEET TRUCK EQUIPMENT CO.
and TIFFIN LOADER CRANE

### THIRD-PARTY COMPLAINT OF DEFENDANTS/THIRD-PARTY PLAINTIFFS, MBB PALFINGER, OMAHA STANDARD, INC., OMAHA STANDARD, INC. - NEW JERSEY, PALFLEET TRUCK EQUIPMENT, CO. AND TIFFIN LOADER CRANE, DIRECTED TO THIRD-PARTY DEFENDANTS G-S PRODUCTS, INC. AND GSP MARKETING, INC.

### PARTIES AND JURISDICTION

1.      Based upon information and belief, Plaintiff Richard Millward is a citizen and resident of the Commonwealth of Pennsylvania, residing at 16 Golden Ridge Drive, Levittown, Pennsylvania.

2.      Defendant/Third-Party Plaintiff MBB Palfinger is a corporate entity with a principal place of business in Cerritos, California.

3.      Defendant/Third-Party Plaintiff Omaha Standard, Inc. is a corporate entity with a principal place of business in Council Bluffs, Iowa.

4.      Defendant/Third-Party Plaintiff Omaha Standard, Inc. - New Jersey, is a corporate entity with a principal place of business in Trenton, New Jersey.

5.      Defendant/Third-Party Plaintiff PalFleet Truck Equipment, Co. is a corporate entity with a principal place of business in Birmingham, Alabama.

6.      Defendant/Third-Party Plaintiff Tiffin Loader Crane is a corporate entity with a principal place of business in Tiffin, Ohio.

7.      Plaintiff's cause of action arose on June 28, 2010.

8.      The statute of limitations on Plaintiff's claims expired on June 28, 2012.

9.      Plaintiff, Richard Millward, did not sue Third Party Defendants and has no cause of action, as a matter of law, against Third-Party Defendants G-S Products, Inc. and GSP Marketing, Inc.

10.     Third-Party Defendant G-S Products, Inc. is a business entity located at 322 Lavansville Road, Somerset, Pennsylvania.

11.     Third Party Defendant GSP Marketing, Inc. is a business entity with a place of business at 322 Lavansville Road, Somerset, Pennsylvania.

12.     There is complete diversity between Third-Party Plaintiffs and Third-Party Defendants and with the amount in controversy, being in excess of $75,000.00, this Court has jurisdiction pursuant to 28 USC Section 1332.

## BACKGROUND

13.     On June 28, 2010 Plaintiff claims he was injured while using a Model GS-3000 Recycling Truck.  This truck was designed, manufactured, sold and placed upon the market by Defendants G-S Products, Inc. and GSP Marketing, Inc.

14.     Plaintiff filed a Civil Action Complaint in Philadelphia County, Pennsylvania (Exhibit A).  Following removal to Federal Court, Defendants/Third Party Plaintiffs filed their Answer and Affirmative Defenses (Exhibit B).

15.     Defendant G-S Products, Inc. is in the business of manufacturing, selling, distributing, merchandising, marketing, supplying and delivering refuse and recycling trucks, including the recycling truck Plaintiff alleges he was using at the time of the incident.

16.     Defendant GSP Marketing, Inc. is in the business of manufacturing, selling, distributing, merchandising, marketing, supplying and delivering refuse and recycling trucks, including the recycling truck Plaintiff alleges he was using at the time of the alleged accident.

17.     In the event that the fact finder assigns liability to Defendants/Third-Party Plaintiffs, said liability being expressly denied, then said Defendants/Third-Party Plaintiffs aver that the subject vehicle was designed, manufactured, distributed, supplied, delivered and sold by Third-Party Defendants in a defective and dangerous condition, lacking all necessary elements to ensure its safe use.  In particular, Third-Party Defendants were  negligent  by reason of the following:

    a.    designing, manufacturing, selling and/or supplying the truck with grab handles, lacking grips or anti-slip material, which would thereby become slippery;

    b    designing, manufacturing, selling and/or supplying the truck with an insufficient number of steps and improperly placing the existing steps in such a manner which prevented users from using grab handles for balance and stability;

    c.    designing, manufacturing, selling and/or supplying the truck with a defective and/or dangerous body design with no guarding or body work to prevent a user from contact and injury from the rear wheels;

    d.    designing, manufacturing, selling and/or supplying a truck which lacked all necessary elements to ensure its safe use;

    e.    failing to comply with applicable design and safety standards in the manufacturing, merchandising, marketing, sale and distribution of the truck to prevent injury to its users;

    f.    designing, manufacturing, selling and/or supplying the truck which was not equipped with appropriate instructions or directions;

    g.    designing, manufacturing, selling and/or supplying a truck which was not fit for its intended purpose;

    h.    designing, manufacturing, selling and/or supplying a truck which Third-Party Defendants knew, or in the existence of due care and diligence should have known, was defective and dangerous;

    i.    designing, manufacturing, selling and/or supplying a truck in a defective and unsafe condition;

    j.    designing, manufacturing, selling and/or supplying a truck which lacked mounted buzzers or a similar device for persons riding on the riding steps to use as a signal to the driver that he is secure on the riding step and is ready and prepared for the truck to be moved forward; and

    k.    designing, manufacturing, and/or supplying and selling a truck with unstable riding steps;

    l.      designing, manufacturing, selling and/or supplying a truck with defects making the truck unsafe for its intended use.

    m.     designing, manufacturing, selling and supplying a truck with unguarded riding steps in front of the rear tire.

18.    Defendants/Third-Party Plaintiffs had no role in the design, manufacture, sale, distribution, merchandising, marketing, or delivery of the subject truck.

19.    If Plaintiff suffered injuries or damages as alleged in his Complaint, said injuries and damages were caused by the negligence, carelessness and other liability producing conduct of Third-Party Defendants, G-S Products, Inc. and GSP Marketing, Inc.

20.    If Defendants/Third-Party Plaintiffs are held liable to Plaintiff for all or part of such alleged injuries and damages, Third-Party Defendants G-S Products, Inc. and GSP Marketing, Inc. are jointly and/or severally liable and/or liable over to Defendants/Third-Party Plaintiffs by way of contribution and/or indemnity.

**WHEREFORE**, Defendants/Third-Party Plaintiffs pray that judgment be entered in their favor and against Plaintiff, or in the alternative that judgment be entered in their favor and against Third-Party Defendants G-S Products, Inc. and GSP Marketing, Inc. together with reasonable attorney's fees and costs.

## STRICT LIABILITY

21.    Third Party Defendants are strictly liable pursuant to both the Restatement (Second) of Torts, Section 402(a) and the Restatement (Third) of Torts.

22.    In the event that the fact finder assigns liability to Defendants/Third-Party Plaintiffs, said liability being expressly denied, then said Defendants/Third-Party Plaintiffs aver that the subject vehicle was designed, manufactured, distributed, supplied, delivered and sold by Third-Party Defendants in a defective and dangerous condition, lacking all necessary elements to ensure its safe use.  In particular, Third-Party Defendants are strictly liable by reason of the following:

a.  designing, manufacturing, selling and/or supplying the truck with grab handles, lacking grips or anti-slip material, which would thereby become slippery;

b   designing, manufacturing, selling and/or supplying the truck with an insufficient number of steps and improperly placing the existing steps in such a manner which prevented users from using grab handles for balance and stability;

c.  designing, manufacturing, selling and/or supplying the truck with a defective and/or dangerous body design with no guarding or body work to prevent a user from contact and injury from the rear wheels;

d.  designing, manufacturing, selling and/or supplying a truck which lacked all necessary elements to ensure its safe use;

e.  failing to comply with applicable design and safety standards in the manufacturing, merchandising, marketing, sale and distribution of the truck to prevent injury to its users;

f.  designing, manufacturing, selling and/or supplying the truck which was not equipped with appropriate instructions or directions;

g.  designing, manufacturing, selling and/or supplying a truck which was not fit for its intended purpose;

h.  designing, manufacturing, selling and/or supplying a truck which Third-Party Defendants knew, or in the existence of due care and diligence should have known, was defective and dangerous;

i.  designing, manufacturing, selling and/or supplying a truck in a defective and unsafe condition;

j.  designing, manufacturing, selling and/or supplying a truck which lacked mounted buzzers or a similar device for persons riding on the riding steps to use as a signal to the driver that he is secure on the riding step and is ready and prepared for the truck to be moved forward; and

k.  designing, manufacturing, and/or supplying and selling a truck with unstable riding steps;

l.  designing, manufacturing, selling and/or supplying a truck with defects making the truck unsafe for its intended use.

m.  designing, manufacturing, selling and supplying a truck with unguarded riding steps in front of the rear tire.

**WHEREFORE**, Defendants/Third-Party Plaintiffs pray that judgment be entered in their

favor and against Plaintiff, or in the alternative that judgment be entered in their favor and

against Third-Party Defendants G-S Products, Inc. and GSP Marketing, Inc. together with

reasonable attorney's fees and costs.

**CAMPBELL, LIPSKI & DOCHNEY**

BY: _____
ROBERT J. SIEGEL, ESQUIRE
Attorney I.D. 46717
2000 Market Street – Suite 1100
Philadelphia, PA 19103
(215) 861-6700

Attorney for Defendants/Third Party Plaintiffs
MBB Palfinger, Omaha Standard, Inc., Omaha
Standard, Inc. - New Jersey, PalFleet Truck
Equipment, Co. and Tiffin Loader Crane

## VERIFICATION

ROBERT J. SIEGEL, ESQUIRE, hereby states that he is the attorney of record for Attorney for Defendant MBB Palfinger, Omaha Standard, Inc., Omaha Standard, Inc. - New Jersey, PalFleet Truck Equipment, Co. and Tiffin Loader Crane, in this action and verifies that the statements made in the foregoing, THIRD-PARTY COMPLAINT OF DEFENDANTS/THIRD-PARTY PLAINTIFFS MBB PALFINGER, OMAHA STANDARD, INC., OMAHA STANDARD, INC. - NEW JERSEY, PALFLEET TRUCK EQUIPMENT, CO. AND TIFFIN LOADER CRANE DIRECTED TO THIRD-PARTY DEFENDANTS G-S PRODUCTS, INC. AND GSP MARKETING, INC., are true and correct to the best of his knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

ROBERT J. SIEGEL, ESQUIRE
Attorney for Defendants/Third Party Plaintiffs
MBB Palfinger, Omaha Standard, Inc., Omaha
Standard, Inc. - New Jersey, PalFleet Truck
Equipment, Co. and Tiffin Loader Crane

## CERTIFICATE OF SERVICE

I, Robert J. Siegel, Esquire do hereby certify that a true and correct copy of the foregoing

THIRD-PARTY COMPLAINT OF DEFENDANTS/THIRD-PARTY PLAINTIFFS MBB

PALFINGER, OMAHA STANDARD, INC., OMAHA STANDARD, INC. - NEW JERSEY,

PALFLEET TRUCK EQUIPMENT, CO. AND TIFFIN LOADER CRANE DIRECTED TO

THIRD-PARTY DEFENDANTS G-S PRODUCTS, INC. AND GSP MARKETING, INC., was

sent to all counsel, as below, electronically on *March 1, 2013*.

Todd Sailer, Esquire
Begley, Carlin & Mandio, LP
680 Middletown Blvd.
Langhorne, PA 19047

BY: *Robert J Siegel*

     ROBERT J. SIEGEL, ESQUIRE
     Attorney I.D. 46717
     CAMPBELL, LIPSKI & DOCHNEY
     2000 Market Street – Suite 1100
     Philadelphia, PA 19103
     (215) 861-6700

     Attorney for Defendants/Third Party Defendants
     MBB Palfinger, Omaha Standard, Inc., Omaha
     Standard, Inc. - New Jersey, PalFleet Truck
     Equipment, Co. and Tiffin Loader Crane

# EXHIBIT 'A'

**BEGLEY CARLIN & MANDIO LLP**
By: Todd M. Sailer, Esquire
Attorney I.D. #86013
680 Middletown Boulevard
Langhorne, Pennsylvania
215-750-0110
Attorney for Plaintiff

**JURY TRIAL
ASSESSMENT OF DAMAGE HEARING
IS REQUIRED**

| | |
|---|---|
| **RICHARD MILLWARD**<br>16 Golden Ridge Drive<br>Levittown, PA 19057<br><br>v.<br><br>**MBB Palfinger<br>dba Interlift Inc.**<br>15939 Piuma Ave.<br>Cerritos, CA 90703<br>and<br>**Omaha Standard, Inc.**<br>3501 S. 11th Street<br>Council Bluffs, Iowa 51501<br>and<br>**Omaha Standard Inc. - New Jersey<br>dba PALFINGER American Roll-off**<br>572 Whitehead Rd, Suite 301<br>Trenton, NJ 08619<br>and<br>**PalFleet Truck Equipment Co.**<br>2490 Pinson Valley Pkwy.<br>Birmingham, AL 35217<br>and<br>**Tiffin Loader Crane**<br>4151 West State Route 18<br>Tiffin, OH 44883 | **COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY**<br><br>**NO.**<br><br><br>**JURY TRIAL DEMANDED** |

{00622718/}

@004/014

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the compliant or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
Philadelphia Bar Association
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazao al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con toas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
Filadelfia Bar Association
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-1701

{00622718/}

Case ID: 120603547

| | |
|---|---|
| **RICHARD MILLWARD**<br>16 Golden Ridge Drive<br>Levittown, PA 19057<br><br>v.<br><br>**MBB Palfinger**<br>**dba Interlift Inc.**<br>15939 Piuma Ave.<br>Cerritos, CA 90703<br>and<br>**Omaha Standard, Inc.**<br>3501 S. 11th Street<br>Council Bluffs, Iowa 51501<br>and<br>**Omaha Standard Inc. - New Jersey**<br>**dba PALFINGER American Roll-off**<br>572 Whitehead Rd, Suite 301<br>Trenton, NJ 08619<br>and<br>**PalFleet Truck Equipment Co.**<br>2490 Pinson Valley Pkwy.<br>Birmingham, AL 35217<br>and<br>**Tiffin Loader Crane**<br>4151 West State Route 18<br>Tiffin, OH 44883 | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**NO.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1.     Plaintiff, Richard Millward, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 16 Golden Ridge Drive, Levittown, Pennsylvania.

2.     Defendant MBB Palfinger dba Interlift Inc. is a corporate entity with a principal place of business at 15939 Piuma Ave. Cerritos, CA 90703.

3.     Defendant Omaha Standard, Inc. is a corporate entity with a principal place of business at 3501 S. 11th Street, Council Bluffs, Iowa 51501.

{00622718/}

Case ID: 120603547

4.      Defendant Omaha Standard Inc. - New Jersey dba PALFINGER American Roll-off is a corporate entity with a principal place of business at 572 Whitehead Rd, Suite 301 Trenton, NJ 08619.

5.      Defendant Palfleet Truck Equipment Co. is a corporate entity with its principal place of business at 2490 Pinson Valley Pkwy, Birmingham, AL 35217.

6.      Defendant Tiffin Loader Crane is a corporate entity with a principal place of business at 4151 West State Route 18, Tiffin, OH 44883.

7.      Defendants are all related entities conducting business under the Palfinger brand name.

8.      Defendants regularly conduct business in Pennsylvania and Philadelphia County through the marketing and sale of Palfinger products in Philadelphia.

9.      On June 28, 2010, the Plaintiff, Richard Millward, was seriously and permanently injured while using a Model GS-3000 Recycling Truck which was designed, manufactured, sold, and placed upon the market by the Defendants.

10.     At all times relevant, the Defendants were engaged in the business of manufacturing, selling, distributing, merchandising, marketing, supplying and/or delivering refuse and recycling trucks, such as the recycling truck used by Plaintiff.

11.     At the time of the accident, Plaintiff was using the truck in its intended and reasonably foreseeable manner in the course of his employment as with McCullough Rubbish Removal, Inc. located in Levittown, Bucks County, Pennsylvania.

12.     On the date aforesaid, Plaintiff and his co-workers were using the truck to collect recycling items in a residential area at or near 4757 Fredonia Place in Bensalem Township, Bucks County, Pennsylvania.

{00622271 8/}

Case ID: 120603547

06/27/2012 13:09 FAX                                                    ☑ 007/014

13.    At the time of the incident Plaintiff was located on the drivers side of the truck standing on a foot step located on the side of the truck.  The truck had been stopped as recyclables were being collected from a residence.  As the driver of the truck moved the truck forward to move to the next residence Plaintiff was caused to fall from the foot step and landed under or in front of the driver's side rear wheel of the truck.  Plaintiff was thereafter run over by the rear wheel.

14.    The incident described above caused Plaintiff to sustain serious personal injuries hereinafter set forth.

## COUNT I - STRICT LIABILITY

15.    Plaintiff incorporates herein by reference all the allegations of this Complaint as though fully set forth at length herein.

16.    The truck was designed, manufactured, distributed, supplied and sold by the Defendants in a defective and dangerous condition lacking all elements necessary to ensure its safe use.

17.    The truck was in a defective condition for which the Defendants are strictly liable to Plaintiff under the theories set forth in the *Restatement (Second) of Torts* §402(a).

18.    Plaintiff's injuries and damages as set forth above were proximately caused by the manufacture, promotion, marketing, sale, merchandising, distribution, delivery and supply of the truck in a defective condition, for which Defendants are strictly liable to Plaintiff.

19.    The truck was designed, manufactured, distributed, supplied and sold by Defendants in a defective and dangerous condition, lacking all necessary elements to ensure its safe use.  In particular, Defendants are strictly liable to Plaintiff by reason of the following:

{00622718/}

Case ID: 120603547

06/27/2012 13:09 FAX                       ⊘ 008/014

      **a.**       Designing, manufacturing, selling and/or supplying a truck in a defective and unsafe condition;

      **b.**       Designing, manufacturing, selling and/or supplying a truck which Defendant knew, or in the existence of due care and diligence, should have known, was defective and dangerous;

      **c.**       Designing, manufacturing, selling and/or supplying a truck which was not fit for its intended purpose;

      **d.**       Designing, manufacturing, selling and/or supplying a truck which was not equipped with appropriate instructions or directions;

      **e.**       Failing to comply with applicable design and safety standards in the manufacturing, merchandising, marketing, sale and distribution of the truck to prevent injury to users, including Plaintiff;

      **f.**       Designing, manufacturing, selling and/or supplying a truck which lacked all elements necessary to ensure its safe use;

      **g.**       Designing, manufacturing, selling and/or supplying a truck with a defective and dangerous body design with no guarding or bodywork to prevent a user from contact and injury from the rear wheels;

      **h.**       Designing, manufacturing, selling and/or supplying the truck with an insufficient number of steps and improperly placing the existing steps in such a manner which prevented users from using two grab handles for balance and stability;

      **i.**       Designing, manufacturing, selling and/or supplying the truck with grab handles made of smooth steel lacking grips or anti-slip material which would thereby become excessively slippery;

{00622718/}

                                               Case ID: 120603547

         j.        Designing, manufacturing, selling and/or supplying the truck with unstable riding steps;

         k.        Designing, manufacturing, selling and/or supplying a truck which lacked mounted buzzers or a similar device for persons riding on the riding steps to use to signal to the driver that he or she is secure on the riding step and is ready and prepared for the truck to be moved forward; and

         l.        Designing, manufacturing, selling and/or supplying a truck with various other defects making the machine unsafe for its intended use.

         20.      As a result of the aforesaid, Plaintiff sustained serious personal injuries, to wit: multiple pelvic fractures requiring external fixation, open book pelvic fracture, left comminuted fracture of the sacral ala affecting the sacroiliac joint, vertical shear fracture of the left femoral neck, right sacroiliac joint dislocation, right crush comminuted intraarticular fracture of the first metatarsal, right third metatarsal base fracture, polytrauma, necessity to undergo open reduction internal fixation procedures on the right first and third metatarsals and a primary fusion of the right first tarsometatarsal joint, scrotal and perineal hematomas, multiple abrasions, right groin abscess and infection, left shoulder injuries, lumbosacral plexopathy, sciatic neuropathy, and other injuries; which injuries and permanent in nature and have caused Plaintiff pain and suffering and severe nervous shock.

         21.      As a result of the aforesaid, Plaintiff has undergone great physical pain and mental anguish, and he will continue to endure same for an indefinite time in the future to his great detriment and loss.

{00622718}

06/27/2012 13:09 FAX                                                    ☑ 010/014

22.    As a result of the aforesaid, Plaintiff has been unable to attend to his usual daily duties and occupations and will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

23.    As a result of the aforesaid injuries sustained by Plaintiff, he has or may suffer a severe loss of his earnings and an impairment of his earning capacity.

24.    As a result of the aforesaid, Plaintiff has been obliged to expend great sums of money for medicine and medical care and attention in and about an effort to effect a cure for his aforesaid injuries and he will be compelled to expend such sums for the same purpose for an indefinite time in the future, to his great detriment and loss.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount in excess of $50,000.00, together with interest and costs of this action.

## COUNT II - NEGLIGENCE

25.    Plaintiff incorporates herein by reference all the allegations of this Complaint as though fully set forth at length herein.

26.    The negligence, carelessness and recklessness of the Defendants consisted of the following:

a.    Designing, manufacturing, selling and/or supplying a truck in a defective and unsafe condition;

b.    Designing, manufacturing, selling and/or supplying a truck which Defendant knew, or in the existence of due care and diligence, should have known, was defective and dangerous;

{00622718/}

Case ID: 120603547

   c.  Designing, manufacturing, selling and/or supplying a truck which was not fit for its intended purpose;

   d.  Designing, manufacturing, selling and/or supplying a truck which was not equipped with appropriate instructions or directions;

   e.  Failing to comply with applicable design and safety standards in the manufacturing, merchandising, marketing, sale and distribution of the truck to prevent injury to users, including Plaintiff;

   f.  Designing, manufacturing, selling and/or supplying a truck which lacked all elements necessary to ensure its safe use;

   g.  Designing, manufacturing, selling and/or supplying a truck with a defective and dangerous body design with no guarding or bodywork to prevent a user from contact and injury from the rear wheels;

   h.  Designing, manufacturing, selling and/or supplying the truck with an insufficient number of steps and improperly placing the existing steps in such a manner which prevented users from using two grab handles for balance and stability;

   i.  Designing, manufacturing, selling and/or supplying the truck with grab handles made of smooth steel lacking grips or anti-slip material which would thereby become excessively slippery;

   j.  Designing, manufacturing, selling and/or supplying the truck with unstable riding steps;

   k.  Designing, manufacturing, selling and/or supplying a truck which lacked mounted buzzers or a similar device for persons riding on the riding steps to use to signal to the

driver that he or she is secure on the riding step and is ready and prepared for the truck to be moved forward; and

   l.  Designing, manufacturing, selling and/or supplying a truck with various other defects making the machine unsafe for its intended use.

  27.  As a result of the aforesaid, Plaintiff sustained serious personal injuries, to wit: multiple pelvic fractures requiring external fixation, open book pelvic fracture, left comminuted fracture of the sacral ala affecting the sacroiliac joint, vertical shear fracture of the left femoral neck, right sacroiliac joint dislocation, right crush comminuted intraarticular fracture of the first metatarsal, right third metatarsal base fracture, polytrauma, necessity to undergo open reduction internal fixation procedures on the right first and third metatarsals and a primary fusion of the right first tarsometatarsal joint, scrotal and perineal hematomas, multiple abrasions, right groin abscess and infection, left shoulder injuries, lumbosacral plexopathy, sciatic neuropathy, and other injuries; which injuries and permanent in nature and have caused Plaintiff pain and suffering and severe nervous shock.

  28.  As a result of the aforesaid, Plaintiff has undergone great physical pain and mental anguish, and he will continue to endure same for an indefinite time in the future to his great detriment and loss.

  29.  As a result of the aforesaid, Plaintiff has been unable to attend to his usual daily duties and occupations and will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

  30.  As a result of the aforesaid injuries sustained by Plaintiff, he has or may suffer a severe loss of his earnings and an impairment of his earning capacity.

{00622718/}

Case ID: 120603547

31.     As a result of the aforesaid, Plaintiff has been obliged to expend great sums of money for medicine and medical care and attention in and about an effort to effect a cure for his aforesaid injuries and he will be compelled to expend such sums for the same purpose for an indefinite time in the future, to his great detriment and loss.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount in excess of $50,000.00, together with interest and costs of this action.

Respectfully submitted,

**BEGLEY, CARLIN & MANDIO LLP**

By: _____
        Todd M. Sailer, Esquire
        Attorney I.D. #86013

{00622718/}                                             Case ID: 120603547

## VERIFICATION

I, Richard Millward, verify that the facts and statements contained in the foregoing Amended Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements contained herein are subject to the provisions set forth in 18 P.S. § 4904 relating to unsworn falsification to authorities.

_Richard Millward_
Richard Millward

Dated: 6/26/12

{00622718/}                                                    Case ID: 120603547

# EXHIBIT 'B'

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

RICHARD MILLWARD
16 Golden Ridge Drive
Levittown, PA 19057

     vs.

MBB PALFINGER
d/b/a Interlift, Inc.
15939 Piuma Avenue
Cerritos, CA 90703

OMAHA STANDARD, INC.
3501 S. 11th Street
Council Bluffs, IA 51501

OMAHA STANDARD, INC. – NEW JERSEY    *Civil Action No.: 2:12-cv-04072*
d/b/a Palfinger American Roll-Off
572 Whitehead Road, Suite 301
Trenton, NJ 08619

PAL FLEET TRUCK EQUIPMENT CO.
2490 Pinson Valley Parkway
Birmingham, AL 35217

    and

TIFFIN LOADER CRANE
4151 West State Route 18
Tiffin, OH 44883

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, MBB PALFINGER, OMAHA STANDARD, INC., OMAHA STANDARD, INC. – NEW JERSEY, PALFLEET TRUCK EQUIPMENT CO. AND TIFFIN LOADER CRANE

1.    Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph of Plaintiff's Complaint, and therefore, denies same and demands strict proof thereof at trial.

1

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Denied. The allegations set forth in paragraph 7 of Plaintiff's Complaint are denied as a matter of fact and as conclusions of law.

8.      Denied. The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.

9.      Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph of Plaintiff's Complaint, and therefore, deny same and demand strict proof thereof at trial. By way of further answer, Answering Defendants deny that they designed, manufactured, sold and placed, upon the market, a model GS-3000 recycling truck.

10.     Denied. Answering Defendants deny that at all relevant times, they were engaged in the business of manufacturing, selling, distributing, merchandising, marketing, supplying and/or delivering refuse and recycling trucks such as the recycling truck allegedly used by Plaintiff.

11.     Denied. The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied. Moreover, after reasonable investigation, Answering Defendants are without knowledge

2

or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore, Answering Defendants deny the allegations.

12.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph of Plaintiff's Complaint, and therefore, denies same and demands strict proof thereof at trial.

13.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph of Plaintiff's Complaint, and therefore, denies same and demands strict proof thereof at trial.

14.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.  Moreover, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore, Answering Defendants deny the allegations.

## COUNT I – STRICT LIABILITY

15.     Answering Defendants incorporate herein by reference paragraphs 1 through 14 of their Answer as though same were set forth more fully herein at length.

16.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.  By way of further answer, Answering Defendants deny that they designed, manufactured, distributed, supplied and sold the subject truck.

3

17.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.

18.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.

19 (a-l).     Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.  By way of further answering, Answering Defendants deny that they designed, manufactured, distributed, supplied and sold the subject truck.

20.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.  Moreover, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore, Answering Defendants deny the allegations.

21.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.  Moreover, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore, Answering Defendants deny the allegations.

22.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.  Moreover, after reasonable investigation, Answering Defendants are without knowledge

4

or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore, Answering Defendants deny the allegations.

23.      Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.  Moreover, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore, Answering Defendants deny the allegations.

24.      Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.  Moreover, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore, Answering Defendants deny the allegations.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff plus costs.

## COUNT II – NEGLIGENCE

25.      Answering Defendants incorporate herein by reference paragraphs 1 through 24 of their Answer as though same were set forth more fully herein at length.

26 (a-l).          Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.

27.      Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.  Moreover, after reasonable investigation, Answering Defendants are without knowledge

or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore, Answering Defendants deny the allegations.

28.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.  Moreover, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore, Answering Defendants deny the allegations.

29.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.  Moreover, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore, Answering Defendants deny the allegations.

30.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.  Moreover, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore, Answering Defendants deny the allegations.

31.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleadings and are therefore denied.  Moreover, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore, Answering Defendants deny the allegations.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff plus costs.

## AFFIRMATIVE DEFENSES

1.      Plaintiff fails to set forth a cause of action for which relief can be granted.

2.      Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3.      Plaintiff's claims are barred in whole or in part by the application of the Doctrine of Contributory Negligence as may be applied to the facts disclosed in discovery.

4.      Plaintiff's claims are barred in whole or in part by the Pennsylvania Comparative Negligence Statute as may be applied to facts disclosed in discovery.

5.      Plaintiff's claims are barred in whole or in part by the application of the Doctrine of Assumption of the Risk as may be applied to the facts disclosed in discovery.

6.      Plaintiff's causes of action alleged and any damages claimed by the Plaintiff are the responsibility of individuals and/or entities over whom Answering Defendant had no control nor right to control.

7.      Any injuries or damages sustained by Plaintiff were not proximately caused by any conduct of the Answering Defendant.

8.      If it is proven that any product which was designed, manufactured, assembled or sold by Answering Defendants was involved in the accident upon which this action is based, which allegation is expressly denied, then any injury which Plaintiff may have sustained was not due to any defects in the product itself but was caused by the substantial change, modification or alteration of that product by persons other than Answering Defendant, which changes took place after the product left the control of Defendant.

7

9.    If it is proven that any product which was designed, manufactured, assembled or sold by Answering Defendants was involved in the accident upon which this action is based, which allegation is expressly denied, then any injury which Plaintiff may have sustained was caused by the improper, abnormal, unforeseeable and unintended use of this product by Plaintiff and/or persons after the product left the control of Defendant.

10.    The sole, proximate cause of any injuries allegedly sustained by Plaintiff was the failure of Plaintiff to apprise himself of the operating instruction/use instructions of the product in question, and the warnings included thereon and his failure to follow those instructions and warnings.

42.    The product in question was not defective and was safe for its intended and foreseeable uses.

43.    The product in question was in full compliance with all governmental regulations including but not limited to any regulations pertaining to the use, warning, requirements and instructions, therefore, Answering Defendant cannot be liable for any alleged defects as they have been usurped by governmental regulation.

44.    Plaintiff fails to set forth a claim upon which relief can be granted.

WHEREFORE, Answering Defendants demands judgment in their favor and against Plaintiff plus costs.

ROBERT J. SIEGEL, ESQUIRE
Attorney I.D. 46717
Attorney for Defendants
CAMPBELL, LIPSKI & DOCHNEY
2000 Market Street – Suite 1100
Philadelphia, PA 19103
(215) 861-6700

8

## VERIFICATION

ROBERT J. SIEGEL, ESQUIRE, hereby states that he is the attorney of record for

Defendant MBB PALFINGER d/b/a INTERLIFT, INC., OMAHA STANDARD, INC. OMAHA

STANDARD, INC. – NEW JERSEY, D/B/A PALFINGER AMERICAN ROLL-OFF,

PALFLEET TRUCK EQUIPMENT CO. AND TIFFIN LOADER CRANE, in this action and

verifies that the statements made in the foregoing **ANSWER AND AFFIRMATIVE**

**DEFENSES OF DEFENDANT MBB PALFINGER, d/b/a INTERLIFT, INC., OMAHA**

**STANDARD, INC., OMAHA STANDARD, INC. – NEW JERSEY, D/B/A PALFINGER**

**AMERICAN ROLL-OFF, PALFLEET TRUCK EQUIPMENT CO. AND TIFFIN**

**LOADER CRANE**, are true and correct to the best of his knowledge, information and belief.

The undersigned understands that the statements therein are made subject to the penalties of 18

Pa.C.S. Section 4904, relating to unsworn falsification to authorities.


_____
ROBERT J. SIEGEL, ESQUIRE
Attorney I.D. 46717
Attorney for Defendants
CAMPBELL, LIPSKI & DOCHNEY
2000 Market Street – Suite 1100
Philadelphia, PA 19103
(215) 861-6700


DATED:  7/24/2012

9